No.        CR- 07- 00373- RMW

# UNITED STATES DISTRICT COURT

E-FILING **NORTHERN DISTRICT OF CALIFORNIA**

Filed

JUN 18 2008

*SAN JOSE DIVISION*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## THE UNITED STATES OF AMERICA
*vs.*
### NED ROSCOE and JOHN ROSCOE

## INDICTMENT

**COUNT ONE**:                    18 U.S.C. §§ 371 - Conspiracy to Commit Bank
                                  Fraud, and to Make False Statements to a Bank

**COUNTS TWO-SIX**:               18 U.S.C. §§ 1344 and 2 - Bank Fraud and Aiding
                                  and Abetting

**COUNTS SEVEN-ELEVEN**:          18 U.S.C. §§ 1014 and 2 - False Statements to Bank
                                  and Aiding and Abetting

*A true bill.*

*Ramona Wils*

*Foreperson*

*Filed in open court this* 18 *day of* June

*A.D. 200* 8

*United States Magistrate Judge*

IC
pond

**Bail. $** _Summons Returnable for 6/30/08 at 9:00 a.m.
before RMW

JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

# Filed

JUN 18 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>  Plaintiff, )<br><br>  v. )<br><br>NED ROSCOE, and )<br>JOHN ROSCOE, )<br><br>  Defendants. ) | No.  CR 07-00373 RMW<br><br>VIOLATIONS: 18 U.S.C. § 371 –<br>Conspiracy to Commit Bank Fraud, and to<br>Make False Statements to a Bank;18 U.S.C.<br>§ 1344 - Bank Fraud; 18 U.S.C. § 1014 -<br>False Statements to Bank; Aiding and<br>Abetting - 18 U.S.C. § 2 |

SAN JOSE VENUE

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

### Introduction

At all times relevant to this Indictment:

1.    Cigarettes Cheaper! (hereinafter, the "Company") was a wholesale distributor of tobacco products, headquartered in Benicia, California.  It operated a chain of retail stores that sold discount cigarettes and other tobacco products to the public.

2.    Ned Roscoe was an owner and vice-president of the Company.

3.    John Roscoe, Ned's father, was also an owner of the Company and its president.

SUPERSEDING INDICTMENT

4.    R.M. was the chief financial officer of the Company.

5.    Comerica Bank (also referred to as the "Bank") was a financial institution headquartered in San Jose, California, and was insured by the Federal Deposit Insurance Corporation.

COUNT ONE: (18 U.S.C. § 371 - Conspiracy to Commit Bank Fraud, and to Make False Statements to a Bank)

6.    Paragraphs 1 through 5 of this Superseding Indictment are realleged and incorporated as if fully set forth here.

Background of the Scheme to Defraud

7.    The Company received an asset-based line of credit (or, "loan") from Comerica Bank whereby the Bank lent funds to the Company based on, among other things, the value of the Company's inventory. The Company supplied the Bank with information about the value of its inventory periodically in borrowing base certificate reports, as specified in the loan agreement, to show whether the Company had a higher loan balance than its inventory justified.  If the borrowing base certificates did not support the existing loan balance, the Bank could require the Company to repay the excess amount.

8.    When the Company obtained a revolving line of credit ("the loan agreement") from Comerica Bank, the loan agreement initially permitted the Company to borrow up to 70% of the value of its current inventory for the period covered by the report, referred to as the Company's "borrowing base."  Under the terms of the loan agreement, the Company was initially required to submit its inventory borrowing base reports (or, "borrowing base certificates") every month.

9.    The Company began experiencing financial difficulties in approximately 2001, due at least in part to rapid growth of the business and increased operating costs. The Company had to close some of its stores, leading to a decrease in inventory.  As inventory decreased, under the terms of the loan, the amount of money the Company could continue to borrow from the Bank decreased; also, the Company was vulnerable to having to pay back the amounts it had already borrowed from the Bank.  Comerica Bank began to monitor the loan to the Company

SUPERSEDING INDICTMENT                2

1   more closely. For example, the Bank shifted the oversight of the Company's loan to its special

2   assets group for closer scrutiny of the Company's compliance with the terms of the loan, and the

3   borrowing base was reduced from 70% to 65% of the value of the Company's inventory, with a

4   cap of $21 million available on the line of credit, which thereby decreased the amount of money

5   the Company could borrow on the line of credit. Also, Comerica Bank now required the

6   Company to submit its inventory borrowing base reports more frequently, e.g., on a weekly basis.

7       10.    It was part of the scheme that, from approximately December 2002 through

8   November 2003, Ned Roscoe and John Roscoe knowingly submitted, or had submitted, to the

9   Bank financial statements – borrowing base reports – which falsely and fraudulently inflated and

10  overstated the value of the Company's inventory to induce the Bank to loan the Company more

11  money, conceal the earlier false statements of inventory value in previously submitted reports,

12  and to avoid having to pay the loan down. It was further a part of the scheme that when Ned

13  Roscoe and John Roscoe finally provided an amended borrowing base report reflecting the

14  correct inventory value to the Bank, they provided a false explanation to the Bank about why the

15  previous borrowing base reports contained inflated inventory values in order to avoid having to

16  pay down the loan, conceal the earlier false statements of inventory value in previously submitted

17  reports, and to continue to induce the Bank to loan the Company more money.

18      11.    In approximately May-June 2003, R.M. met with defendants Ned and John

19  Roscoe. R.M. told the defendants that he did not want to sign a borrowing base report to be filed

20  in this period of time because it overstated the Company's inventory. In response, Ned Roscoe

21  took the report from R.M., signed it, and faxed it to the Bank.

22      12.    Thereafter, the defendants continued to have fraudulently inflated inventory

23  amounts reported in the Company's borrowing base reports submitted to the Bank. As

24  a result, from May-June 2003 to November 2003, the defendants caused the Bank to extend

25  approximately $10.6 million of loans in excess of the amount the Bank would have lent based on

26  the Company's true borrowing base inventory, concealed the earlier false statements of inventory

27  value in previously submitted reports, and avoided having to pay the loan down.

28      13.    The defendants caused the Company to report fraudulently inflated figures to

SUPERSEDING INDICTMENT          3

1   Comerica Bank in a variety of ways, including as follows:

2       a.      In September 2003, the Company entered into an agreement with another tobacco

3   company, hereinafter referred to as B.T., in which Ned Roscoe, on behalf of the Company,

4   requested B.T. to invoice purchases of R.B. cigarettes at $27.64 per carton. The Company

5   actually paid B.T. $6.80 per carton of R.B. cigarettes. The cost the Company later reported to

6   Comerica Bank in its borrowing base certificates dated September 26, 2003, October 3, 2003,

7   November 7, 2003, and November 14, 2003 was not the actual cost of $6.80 per carton, but

8   rather the inflated invoice cost of $27.64 per carton. These fraudulent misrepresentations

9   accounted for more than $1 million in overstatements in these borrowing base inventory

10  certificates the Company made to Comerica Bank.

11      b.      According to the loan agreement, cigarettes at Company stores were required to be

12  valued at cost in the borrowing base certificates. Despite this requirement, the Company reported

13  the retail value of the cigarettes in the borrowing base reports submitted during August 22, 2003-

14  November 14, 2003. Such reporting accounted for more than $2 million dollars in deliberate

15  overstatements in these borrowing base inventory reports.

16      c.      According to the loan agreement, the Company was only permitted to include

17  cigarette products in its borrowing base inventory reports under certain circumstances -- that is,

18  once the cigarettes had been delivered to the Company's warehouse, or once the Company had

19  taken possession of cigarette products while they were in transit to the Company's retail stores.

20  However, the borrowing base reports, including but not limited to those dated November 7, 2003,

21  and November 14, 2003, included cigarette products that had not yet been manufactured and that

22  had not yet been delivered to the warehouse. The fraudulent misrepresentations described in this

23  sub-paragraph resulted in approximately $6 to $7 million dollars in overstatements in these

24  weekly borrowing base inventory reports submitted to Comerica Bank.

25      14.     In November 2003, R.M. met with Ned and John Roscoe to discuss R.M.'s

26  concern that the Company's inventory reports submitted to Comerica Bank continued to

27  overstate the value of the Company's inventory. John Roscoe told R.M. that he was being too

28  conservative and that he (R.M.) was just "worried about going to jail," or words to that effect.

SUPERSEDING INDICTMENT            4

15.    After the meeting described in the above paragraph, in late November 2003,

Ned Roscoe instructed Company accountants to provide an analysis comparing the figures the

Company had reported to the Bank and what should have been reported under a "strict

interpretation" of the loan agreement's borrowing base provisions.  On or about November 24,

2003, a Company accountant reported that, as of November 14, 2003, the discrepancy between

the inventory figures the Company had provided to the Bank and the correct figure was

approximately $16.5 million instead of $32 million, as the Company had earlier reported.  After

reviewing the report and discussing it with R.M., Ned and John Roscoe agreed to falsely inform

Comerica Bank officials that differences in their previously submitted inventory reports were the

result of "clerical or accounting errors" only.

### The Conspiracy

16.    In and between approximately May-June of 2003 and November 2003, in the

Northern District of California and elsewhere, the defendants,

NED ROSCOE and
JOHN ROSCOE,

did knowingly and intentionally conspire with each other, and with others known and unknown

to the Grand Jury, to commit an offense against the United States, to wit, bank fraud, in violation

of 18 U.S.C. § 1344, and making false statements to a financial institution, in violation of 18

U.S.C. § 1014.

### Objects of the Conspiracy

17.    It was a part and object of the conspiracy that the defendants, and others known

and unknown to the Grand Jury, would and did, knowingly, and with the intent to defraud,

execute and attempt to execute a scheme and artifice to defraud a financial institution, and to

obtain the moneys, funds, credits, assets, securities, and other property owned by and under the

custody and control of a financial institution by making false and fraudulent pretenses,

representations and promises, knowing that the pretenses, representations and promises were

false and material, in violation of 18 U.S.C. § 1344.

18.    It was a further part and object of the conspiracy that defendants, and others

SUPERSEDING INDICTMENT              5

1   known and unknown to the Grand Jury, would and did, knowingly make and cause to be made

2   false financial statements and reports, and willfully overvalued land, property, and security for

3   the purpose of influencing the actions of a financial institution insured by the Federal Deposit

4   Insurance Corporation, to wit, Comerica Bank, with respect to extending the loan, deferring

5   action upon it, and modifying it in an application, advance, purchase, purchase agreement,

6   repurchase agreement, commitment, and loan, and any change or extension of any of the same,

7   by renewal, deferment of action and otherwise, in that the defendants overstated the value of the

8   current inventory of the Company in borrowing bank certificate reports submitted to the Bank,

9   when in truth and in fact, as the defendants well knew, the value of said inventory was less than

10  reported in the borrowing bank certificates, in violation of 18 U.S.C. § 1014.

11                          Manner and Methods of the Conspiracy

12      19.     Among the means and methods by which the defendants, and others known and

13  unknown, would and did carry out the conspiracy were the following: the defendants, and others

14  known and unknown, knowingly overstated the value of the inventory, or "borrowing base," of

15  the Company, in submitting borrowing base certificate reports (which were to reflect the current

16  inventory level of the Company) to the Bank, in order to induce the Bank to loan the Company

17  additional money, conceal the earlier false statements of inventory value in previously submitted

18  reports, and to avoid having to pay down the loan.

19                   Overt Acts Committed in Furtherance of the Conspiracy

20      20.     In furtherance of the conspiracy, and to effect the illegal objects thereof, the

21  defendants, and others known and unknown to the Grand Jury, committed the following overt

22  acts, among others, on or about the dates set forth below:

23              a.     In or around May-June 2003, Ned and John Roscoe met with R.M., who

24  stated his concern that the Company was reporting inaccurate and inflated figures in its

25  borrowing base inventory reports to Comerica Bank.

26              b.     In or around May-June 2003, Ned Roscoe signed and faxed a

27  borrowing base report to Comerica Bank that overstated the value of the Company's inventory.

28              c.     On or about August 22, 2003, Ned Roscoe signed and had faxed a

1  borrowing base report to Comerica Bank which reflected a bill-in value of inventory in excess of

2  cost and which valued the Company's inventory at retail rather than cost.

3          d.    In September 2003, Ned Roscoe entered into a product purchase

4  agreement with B.T., and caused B.T. to invoice the Company in amounts greater than what the

5  Company had actually paid for cigarettes purchased from B.T. – that is, at $27.64 a carton

6  instead of $6.80 a carton.

7          e.    In September 2003, Ned Roscoe had a borrowing base certificate

8  report faxed to Comerica Bank, which contained inflated values of cigarette purchases from B.T.

9          f.    In late November 2003, the defendants falsely informed and caused

10  others to falsely inform Comerica Bank officials that overstatements in weekly borrowing base

11  inventory reports were due to "clerical or accounting errors."

12      All in violation of Title 18, United States Code, Section 371.

13  COUNTS TWO THROUGH SIX:  (18 U.S.C. §§ 1344 and 2 - Bank Fraud and Aiding and
                                    Abetting)

14

15      21.    The factual allegations contained in paragraphs 1 through 5, 7 through 15, and 20

16  are realleged and incorporated as if fully set forth here.

17                         Executions of the Scheme

18      22.    In and between about May-June 2003 and November 2003, in the Northern

19  District of California, and elsewhere, the defendants,

20                        NED ROSCOE and
                      JOHN ROSCOE,

21

22  did knowingly, and with the intent to defraud, execute and attempt to execute a scheme and

23  artifice to defraud a financial institution, to wit, Comerica Bank, the deposits of which were at

24  the time insured by the Federal Deposit Insurance Corporation, and to obtain the moneys, funds,

25  credits, assets, and other properties owned by and under the custody and control of said financial

26  institution by means of materially false and fraudulent pretenses, representations, and promises,

27  as set forth below:

28

SUPERSEDING INDICTMENT       7

| Count | Approximate Date of Borrowing Base Inventory Report Sent to Comerica Bank | Description of Fraudulent Representation n Borrowing Base Inventory Report |
|---|---|---|
| 2 | August 22, 2003 | Retail value reported instead of actual cost of cigarettes. |
| 3 | September 26, 2003 | Retail value reported instead of actual cost of cigarettes. Inflated cost of B.T. cigarettes reported instead of actual cost. |
| 4 | October 3, 2003 | Retail value reported instead of actual cost of cigarettes. Inflated cost of B.T. cigarettes reported instead of actual cost. |
| 5 | November 7, 2003 | Retail value instead of actual cost of cigarettes reported. Also inflated in-transit inventory and cost of B.T. cigarettes. |
| 6 | November 14, 2003 | Retail value reported instead of actual cost of cigarettes. Also inflated in-transit inventory and cost of B.T. cigarettes |

All in violation of Title 18, United States Code, Sections 1344 and 2.

COUNTS SEVEN THROUGH ELEVEN: (18 U.S.C. §§ 1014 and 2 - False Statements to Bank and Aiding and Abetting

23.    The factual allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth here.

24.    In and between about May-June 2003 and November 2003, in the Northern District of California, and elsewhere, the defendants,

NED ROSCOE and
JOHN ROSCOE,

did knowingly make and cause to be made false financial statements and reports, and willfully overvalued land, property, and security for the purpose of influencing the actions of a financial institution insured by the Federal Deposit Insurance Corporation, to wit, Comerica Bank, with respect to extending the loan, deferring action upon it, and modifying it, in an application,

SUPERSEDING INDICTMENT              8

advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, and any change or extension of any of the same, by renewal, deferment of action or otherwise, in that the defendants overstated the value of the current inventory of the Company in borrowing bank certificate reports submitted to the Bank, when in truth and in fact, as the defendants well knew, the value of said inventory was less than reported in the borrowing bank certificates, as set forth below:

| Count | Approximate Date of Borrowing Base Inventory Report Sent to Comerica Bank | Description of Fraudulent Representation n Borrowing Base Inventory Report |
|---|---|---|
| 7 | August 22,2003 | Retail value reported instead of actual cost of cigarettes. |
| 8 | September 26, 2003 | Retail value reported instead of actual cost of cigarettes. Inflated cost of B.T. cigarettes reported instead of actual cost. |
| 9 | October 3, 2003 | Retail value reported instead of actual cost of cigarettes. Inflated cost of B.T. cigarettes reported instead of actual cost. |
| 10 | November 7, 2003 | Retail value instead of actual cost of cigarettes reported. Also inflated in-transit inventory and cost of B.T. cigarettes. |
| 11 | November 14, 2003 | Retail value reported instead of actual cost of cigarettes. Also inflated in-transit inventory and cost of B.T. cigarettes |

SUPERSEDING INDICTMENT                9

1   All in violation of Title 18, United States Code, Sections 1014 and 2.

2

3   DATED: 6/18/08                    A TRUE BILL.

4

5                                     _____
                                      FOREPERSON
6

7   JOSEPH P. RUSSIONELLO
    United States Attorney
8

9

10  _____
    MATTHEW A. PARRELLA
11  Chief, San Jose Branch Office

12

13  Approved as to form: _____
                          AUSA Choi
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERSEDING INDICTMENT                10

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                  ☑ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |

### OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY
SEE ATTACHMENT

*E-FILING*

— DEFENDANT - U.S. —

► NED ROSCOE

**Filed**

DISTRICT COURT NUMBER

CR 07-00373 RMW

JUN 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

S/A Rob Gunderson - FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

JOSEPH P. RUSSONIELLO

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    EUMI CHOI

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges          } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes    If "Yes" give date filed
                          ☐ No

**DATE OF ARREST** ►

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ►

Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☑ Arraignment  ☑ Initial Appearance    *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Mark Eibert, Esq. for defendant Ned Roscoe
177 Bovet Road, 6th floor
San Mateo, CA 94402

Date/Time: 6/30/08 9:00am

Before Judge: Whyte

Comments:

COUNT ONE:                          18 U.S.C. §§ 371 - Conspiracy to Commit
                                    Bank Fraud, and to Make False Statements
                                    to a Bank

PENALTIES:                          5 years imprisonment
                                    $250,000 fine
                                    3 years supervised release
                                    $100 special assessment fee

COUNTS TWO-SIX:                     18 U.S.C. §§ 1344 and 2 - Bank Fraud and
                                    Aiding and Abetting

PENALTIES:                          30 years imprisonment
                                    $1,000,000 fine
                                    5 years supervised release
                                    $100 special assessment fee

COUNTS SEVEN-ELEVEN:                18 U.S.C. §§ 1014 and 2 - False Statements
                                    to Bank and Aiding and Abetting

PENALTIES:                          30 years imprisonment
                                    $1,000,000 fine
                                    5 years supervised release
                                    $100 special assessment fee

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

### OFFENSE CHARGED

SEE ATTACHMENT

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

*E-FILING*

PENALTY:

SEE ATTACHMENT

— DEFENDANT - U.S. —

▶ JOHN ROSCOE

DISTRICT COURT NUMBER

CR 07-00373 RMW

**Filed**

JUN 18 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

S/A Rob Gunderson - FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y   ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM

JOSEPH P. RUSSONIELLO

☑ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    EUMI CHOI

### DEFENDANT

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Fed'l   ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☑ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT    Bail Amount:

If Summons, complete following:
☑ Arraignment   ☑ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
Peter Leeming, Esq for defendant John Roscoe
108 Locust Street, Suite 7
Santa Cruz, CA 95060

Date/Time: 6/30/08 9:00am

Before Judge: Whyte

Comments:

COUNT ONE:                    18 U.S.C. §§ 371 - Conspiracy to Commit
                              Bank Fraud, and to Make False Statements
                              to a Bank

PENALTIES:                    5 years imprisonment
                              $250,000 fine
                              3 years supervised release
                              $100 special assessment fee

COUNTS TWO-SIX:               18 U.S.C. §§ 1344 and 2 - Bank Fraud and
                              Aiding and Abetting

PENALTIES:                    30 years imprisonment
                              $1,000,000 fine
                              5 years supervised release
                              $100 special assessment fee

COUNTS SEVEN-ELEVEN:          18 U.S.C. §§ 1014 and 2 - False Statements
                              to Bank and Aiding and Abetting

PENALTIES:                    30 years imprisonment
                              $1,000,000 fine
                              5 years supervised release
                              $100 special assessment fee